UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GULF SOUTH PIPELINE COMPANY, LP                CIVIL ACTION

VERSUS                                          NO. 04-2815

WEEKS MARINE, INC.                              SECTION B(5)

ORDER AND REASONS

Before this Court is Plaintiff Gulf South Pipeline, LP's (Gulf South), Motion for Partial Summary Judgment (Rec. Doc. No. 38). After considering the Court record, the memoranda filed, and the applicable law, the Court is fully advised and ready to rule. For the reasons that follow, **IT IS ORDERED** that Plaintiff's Motion is **DENIED**.

*BACKGROUND*

This case arises out of a December 2, 2003, allision between Defendant Weeks Marine, Inc.'s (WMI), dredge TOM JAMES (dredge) and a 20-inch offshore pipeline operated by Gulf South. On or about December 2, 2003, the dredge struck and completely severed the pipeline while operating in the Atchafalaya River Bar Channel. The parties have stipulated WMIS's fault and negligence resulted in the allision of the dredge with the pipeline and that this allision was the sole legal and proximate cause of the harm. Thus, the only issue remaining for trial is the damage sustained by Gulf South.

The dredge was operating in the Atchafalaya River Bay and Bar Channels at the time pursuant to a contract with the Army Corps of Engineers.  At issue in this Motion is a provision of that contract stating:

> The Contractor [WMI] shall protect from damage all existing improvements and utilities (1) at or near the worksite, and (2) on adjacent property of a third party, the locations of which are made known to or should be known by the Contractor.  The Contractor shall repair any damage to those facilities, including those that are the property of a third party, resulting from failure to comply with the requirements of this contract or failure to exercise reasonable care in performing work.  If the Contractor fails or refuses to repair the damage promptly, the Contracting Officer may have the necessary work performed and charge the cost to the Contractor.

Gulf South contends this creates a stipulation *pour autrui* in favor of Gulf South, enforceable through a claim for damages *ex contractu* for the full cost of repair of "any damage" to the pipeline attributable to WMI's stipulated fault and negligence.  Thus, contends Gulf South, recovery is not limited to those damages recoverable in tort, but includes any damages that may be recoverable in contract.

### DISCUSSION

Rule 56(b) of the Federal Rules of Civil Procedure provides that a party against whom a claim is asserted may, at any time, move with or without supporting affidavits for summary judgment

in the party's favor.  FED. R. CIV. P. 56(b).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When the nonmoving party will bear the burden of proof at trial on the dispositive issue, in order to survive summary judgment, that party must go beyond the pleadings and designate specific facts as to make a showing sufficient to establish the existence of an essential element to the party's case.  *Celotex*, 477 U.S. at 322.

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts.  *Matushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The nonmoving party must come forward with specific facts showing there is a genuine issue for trial.  *Id.* at 587.  The mere existence of a scintilla of evidence on the nonmoving party's position is insufficient to defeat a properly supported motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  The nonmoving party must present evidence upon which a reasonable jury could reasonably find for the nonmovant.  *Id.*  The issues presented in this Motion are issues of law and

thus proper for Summary Judgment.

The contract at issue here was for dredging operations performed in the Atchafalaya River Basin. Plaintiffs acknowledge in their Complaint that this is a navigable body used for maritime commerce. The parties do not dispute that this is a maritime contract, merely the effect of the above-quoted provision. Construction of maritime contacts is governed by federal maritime law. *Theriot v. Bay Drilling, Corp.*, 783 F.2d 527, 538 (5th Cir. 1986).

Under federal maritime law, "a court may not look beyond the written language of the document to determine the intent of the parties unless the disputed contract provision is ambiguous." *Corbitt v. Diamond M. Drilling, Corp.*, 654 F.2d 329, 332-33 (5th Cir. 1981) (citing *Hicks v. Ocean Drilling & Exploration Co.*, 512 F.2d 817, 825 (5th Cir. 1975)). The provision at issue here is clear, and therefore the Court looks solely to the written language of the document to determine the intent of the parties.

The contract provision at issue requires WMI *repair any damage* resulting from WMI's failure (1) to comply with the requirements of the contract or (2) to exercise reasonable care in performing the work. The parties do not contend WMI failed to comply with the requirements of the contract, so it is clear any obligation results from WMI's failure to exercise reasonable care. This is further supported by the Stipulations of the

4

parties, which refer to WMI's actions in language typically used in tort law, i.e. WMI was "solely and proximately at fault and liable for the allision" and WMI's negligence was the legal and proximate cause of the allision.  Stipulations, ¶3-4.

Gulf South argues the provision *pour autrui* enures to the benefit of and is enforceable by Gulf South.  Thus, Gulf South argues it is entitled to all damages recoverable under Louisiana state contract law.  This is clearly not the intent of the provision.  While the provision can be read to create a third-party benefit in favor of Gulf South, the provision must be read in its entirety.  In the instant matter, the provision requires WMI repair any damages resulting from its failure to exercise reasonable care in perform its work, i.e. those damages in *tort*.  Thus, even if the Court reads the provision as creating a third-party benefit, the terms of the contract limit "any damage" to those damages recoverable in tort.  Accordingly,

**IT IS ORDERED** that Gulf South's Motion for Partial Summary Judgment is **DENIED.**

New Orleans, Louisiana, this 28th day of March, 2006.

UNITED STATES DISTRICT JUDGE